UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. SMITH, JR., | ) | CASE NO. 5:16-cv-2179 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| RONALD ROBINSON, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Seeking to *proceed in forma pauperis*, *pro se* Plaintiff Eddie L. Smith, Jr., has filed this civil rights action pursuant to 42 U.S.C. § 1983 against the State of Ohio; the City of Akron; Ronald Robinson; Akron Police Officers T. Stump, J. Berdysz, J. Tietze, and B. Collins; Police Liaison Hill; Akron Deputy Clerk A. Boyle; Summit County Prosecutor Sheri Bevan Walsh; Summit County Assistant Prosecutors Justin Richard, Richard Kasay, and Shari B. Hall; Attorneys Jeremy Samuels, Donald Walker, and William Vassiliou; Summit County Judge Christine Croce; and Probation Officer Shari L. Kastor. Although the allegations in his complaint are unclear, the plaintiff appears to contend the individual defendants are all responsible for, or were "negligent" or "complicit" in some way in, violating his federal constitutional rights in connection with charges brought against him in two criminal cases in Summit County, *State v. Smith*, CR-2015-09-2837 and *State v. Smith*, CR-2015-12-3774 (Summit Cty. Ct. of Cm. Pls.). He alleges he was falsely charged in both cases and that he was subjected to false imprisonment,

slander, defamation of character, and personal injury. He contends the State of Ohio and the City of Akron "are liable by the actions of their representatives."

Plaintiff seeks "an immediate injunction" to "halt and stop any and all proceedings in both cases" in Summit County, as well as damages for violations of his "rights" and "liberty" in connection with the cases and other "wrongful convictions dates 2000-2006 and 2008-2013."

## Standard of Review

Although the standard of review for *pro se* pleadings is liberal, principles requiring generous construction of such pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Federal district courts are expressly required, under 28 U.S.C. § 1915(e), to screen all *in forma pauperis* actions and dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) govern dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

## Analysis

Plaintiff's action must be dismissed upon initial review.

First, under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987), federal courts must abstain from hearing challenges to pending state proceedings where the state's interest is so

important that exercising federal jurisdiction would disrupt the comity between federal and state courts. Abstention is warranted where there exists: "(1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges." *Gorenc v. City of Westland*, 72 F. App'x 336, 338 (6th Cir. 2003) (citations omitted). Here, abstention is warranted under these factors because the criminal matters of which plaintiff complains, which plaintiff appears to contend are still ongoing, implicate important state interests and there is no suggestion in plaintiff's complaint that he lacks an adequate opportunity to raise his constitutional concerns in state court. This Court will not interfere with pending state criminal matters and must abstain from exercising jurisdiction over the case under *Younger*.

Moreover, as to any claim by plaintiff that he was unlawfully charged and detained in the Summit County cases, *habeas corpus* is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement while criminal charges are pending against him. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)). Finally, even if the plaintiff were attempting to allege claims pertaining to final criminal convictions, his complaint is insufficient to state a cognizable claim. A state prisoner does not state a cognizable claim under § 1983 unless and until his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87.

Plaintiff makes no suggestion in his complaint that any state criminal case against him has been resolved in his favor or invalidated in any of the ways articulated in *Heck*.

## Conclusion

Accordingly, plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but for the reasons stated above, his action is dismissed pursuant to § 1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 30, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**